# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50753
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO ANTONIO MUNGUIA-LEYVA, also known as Pedro Antonio Mungia

Defendant-Appellant

Consolidated with
No. 08-50756

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO ANTONIO MUNGIA, also known as Alacran

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-64-ALL
USDC No. 1:99-CR-149-2

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pedro Antonio Munguia-Leyva appeals the sentence imposed for his guilty plea conviction of violating 8 U.S.C. § 1326(a) and (b) by being found in the United States without permission, following removal. He argues that his sentence, which fell within his advisory guidelines range, is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Munguia-Leyva contends that his sentence should have been reduced to account for time he served pursuant to his 2000 conviction of conspiring to possess with the intent to distribute crack cocaine because he would have served a shorter term of imprisonment if he had been sentenced for the same offense under the amended crack cocaine guidelines. Munguia-Leyva also argues, for the first time on appeal, that a shorter sentence was appropriate because he presented a low risk of recidivism and because his single prior conviction was used to enhance both his offense level and to increase his criminal history points.

Relying on *Kimbrough v. United States,* 128 S. Ct. 558, 575 (2007), Munguia-Leyva argues that the appellate presumption of reasonableness accorded sentences imposed within a defendant's properly calculated advisory sentencing guidelines range should not apply to sentences that were calculated under Guidelines not derived from empirical data and national experience. However, this court has rejected that argument. *United States v. Mondragon-Santiago,* __ F.3d. __, No. 07-41099, 2009 WL 782894, at * 8-9 (5th Cir. Mar. 26, 2009); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008) (supporting the continued applicability

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the presumption of reasonableness to sentences based on non-empirically-grounded Guidelines). The appellate presumption is applicable in this case. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In determining Munguia-Leyva's sentence, the district court judge explicitly stated that he was considering the advisory sentencing guidelines range, the § 3553(a) factors, the record, and the PSR. The district court judge considered the arguments presented at sentencing and determined that a guideline sentence would be reasonable, appropriate, and "tailored to fit the facts and circumstances of th[e] crime and th[e] defendant." Munguia-Leyva's arguments do not establish that the district court erred or abused its discretion in imposing that sentence. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Munguia-Leyva has not rebutted the presumption of reasonableness that attaches to his within guidelines sentence. *See Alonzo*, 435 F.3d at 554.

Munguia-Leyva also appeals the sentence imposed following the revocation of his supervised release for his 2000 conviction of violating 21 U.S.C. § 846 by conspiring to possess with the intent to distribute cocaine base. He does not contend that the district court judge committed any errors during his revocation proceedings. Thus, any complaints Munguia-Leyva could have raised regarding the district court's handling of those proceedings are deemed waived. *See* FED. R. APP. P. 28; *United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2924 (2008).

The judgments of the district court should be AFFIRMED.